UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **Nationstar Mortgage LLC** | CIVIL ACTION NO: |
| **Plaintiff** | **COMPLAINT** |
| vs. | RE:<br>**808 Webster Street, Lewiston, ME 04240** |
| **JMMKC Corporation f/k/a Schaefer Mortgage Corporation**<br>**Lois M. Alhquist**<br>**Joel A. Nason** | Mortgage:<br>**June 30, 2006**<br>**Book 6815, Page 1** |
| **Defendants**<br>**CitiFinancial Servicing LLC.** | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, Nationstar Mortgage LLC, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, JMMKC Corporation f/k/a Schaefer Mortgage Corporation, Lois M. Alhquist, and Joel A. Nason as follows:

JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a promissory note executed under seal currently owned and held by Nationstar Mortgage LLC, in which the Defendants are the obligor and the total amount owed under the terms of the Note is one hundred ninety-six thousand, seven hundred seven dollars and twenty-six cents ($196,707.26), plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. The Plaintiff, Nationstar Mortgage LLC, is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 8950 Cypress Waters Boulevard, Coppell, Texas 75019.

5. The Defendant, JMMKC Corporation f/k/a Schaefer Mortgage Corporation, is a corporation organized under the laws of the State of New Hampshire, with its principal place of business located at 5 Buttrick Road, Londonderry, New Hampshire 03053.

6. The Defendant, Lois M. Alhquist, is a resident of Lewiston, County of Androscoggin, and State of Maine.

7. The Defendant, Joel A. Nason, is a resident of Lewiston, County of Androscoggin and State of Maine.

8. The Party-in-Interest, CitiFinancial Servicing LLC, is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 1000 Technology Drive, O'Fallon, Missouri 63368.

## FACTS

9. On June 30, 2006, by virtue of a Warranty Deed from Edward A. Paione and Janet M. Paione, which is recorded in the Androscoggin County Registry of Deeds in **Book 6814, Page 344**, the property situated at 808 Webster Street, County of Androscoggin, and State of Maine, was conveyed to Defendants Lois M. Ahlquist and Joel A. Nason, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

10. On June 30, 2006, the Defendants Lois M. Ahlquist and Joel A. Nason executed and delivered to Homeowners Assistance Corporation a certain Note in the amount of $187,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

11. To secure said Note, on June 30, 2006, Defendants Lois M. Ahlquist and Joel A. Nason executed a Mortgage favor of Mortgage Electronic Registration Systems Inc. as nominee for Homeowners Assistance Corporation its successors and assigns, securing the property located at 808 Webster Street, Lewiston, ME 04240, which Mortgage is recorded in the Androscoggin County Registry of Deeds in **Book 6815, Page 1**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Nationstar Mortgage LLC by virtue of an Assignment of Mortgage dated April 29, 2015, and recorded in the Androscoggin County Registry of Deeds in **Book 9126, Page 327**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The transfer of all the rights contained in the Mortgage to the Plaintiff was further ratified and confirmed by the Quitclaim Assignment dated January 27, 2016, and recorded in the Androscoggin County Registry of Deeds in **Book 9303, Page 121**. *See* Exhibit E (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

14. On June 24, 2016, the Defendants Lois M. Ahlquist and Joel A. Nason were sent a Notice of Mortgagor's Right to Cure, as evidenced by a Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit F (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

15. The Demand Letter informed the Defendants of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit F.

16. The Defendants have failed to cure the default prior to the expiration of the Demand Letter.

17. The Plaintiff, Nationstar Mortgage LLC is the present holder of the Note pursuant to possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

18. The Plaintiff, Nationstar Mortgage LLC, is the lawful holder and owner of the Note and Mortgage.

19. The total debt owed under the Note and Mortgage as of October 12, 2016, if no payments are made, is one hundred ninety-six thousand, seven hundred seven dollars and twenty-six cents ($196,707.26), which includes unpaid principal in the amount of one hundred sixty-five thousand, three hundred twelve dollars and thirty-nine cents ($165,312.39), interest in the amount of twenty thousand, two hundred thirty-one dollars and sixty-one cents ($20,231.61), late fees in the amount of two hundred forty-five dollars and sixty-eight cents ($245.68), deferred late fees in the amount of one hundred twenty-two dollars and eighty-

four cents ($122.84), lender paid expenses in the amount of two hundred forty dollars ($240.00), escrow advances in the amount of nine thousand, six hundred thirty-nine dollars and seventy-four cents ($9,639.74), and legal fees in the amount of nine hundred fifteen dollars ($915.00).

20. Upon information and belief, the Defendants, Lois M. Ahlquist and Joel A. Nason, are presently in possession of the subject property originally secured by the Mortgage.

21. JMMKC Corporation f/k/a Schaefer Mortgage Corporation is a Defendant pursuant to a Mortgage in the amount of $76,000.00, dated March 12, 1992, and recorded in the Androscoggin County Registry of Deeds in **Book 2809, Page 337**, which upon information and belief has been paid in full and should have been discharged.

22. CitiFinancial Servicing LLC is a Party-in-Interest pursuant to a Mortgage in favor of CitiFinancial, Inc., in the amount of $12,905.27, dated September 18, 2007, and recorded in the Androscoggin County Registry of Deeds in **Book 7262, Page** 303, which is in the second position behind the Plaintiff's Mortgage.

23. The Mortgage referenced in Paragraph 22 was assigned to the Party-in-Interest by virtue of an Assignment of Mortgage dated January 4, 2014, and recorded in the Androscoggin County Registry of Deeds in **Book 9079, Page 5**.

## COUNT I – FORECLOSURE

24. The Plaintiff, Nationstar Mortgage LLC, repeats and realleges paragraphs 1 through 23 as if fully set forth herein.

25. This is an action for foreclosure respecting a real estate related mortgage and title located at 808 Webster Street, Lewiston, County of Androscoggin, and State of Maine.  *See* Exhibit A.

26. The Plaintiff is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. Of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, the Plaintiff has the right to foreclosure upon the subject property.

27. The Plaintiff, Nationstar Mortgage LLC, is the current owner and investor of the aforesaid Mortgage and Note.

28. The Defendants, Lois M. Alhquist and Joel A. Nason, are presently in default on said Mortgage and Note, having failed to make the monthly payment due February 1, 2015, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

29. The total debt owed under the Note and Mortgage as of October 12, 2016, if no payments are made, is one hundred ninety-six thousand, seven hundred seven dollars and twenty-six cents ($196,707.26), which includes unpaid principal in the amount of one hundred sixty-five thousand, three hundred twelve dollars and thirty-nine cents ($165,312.39), interest in the amount of twenty thousand, two hundred thirty-one dollars and sixty-one cents ($20,231.61), late fees in the amount of two hundred forty-five dollars and sixty-eight cents ($245.68), deferred late fees in the amount of one hundred twenty-two dollars and eighty-four cents ($122.84), lender paid expenses in the amount of two hundred forty dollars ($240.00), escrow advances in the amount of nine thousand, six hundred thirty-nine dollars and seventy-four cents ($9,639.74), and legal fees in the amount of nine hundred fifteen dollars ($915.00).

30. The record established through the Androscoggin County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

31. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

32. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Lois M. Alhquist and Joel A. Nason, on June 24, 2016, as evidenced by a Certificate of Mailing.  *See* Exhibit F.

33. The Defendants, Lois M. Alhquist and Joel A. Nason, are not in the Military as evidenced by the attached Exhibit G.

## COUNT II – BREACH OF NOTE

34. The Plaintiff, Nationstar Mortgage LLC, repeats and re-alleges paragraphs 1 through 33 as if fully set forth herein.

35. On June 30, 2006, the Defendants, Lois M. Alhquist and Joel A. Nason, executed and delivered to Homeowners Assistance Corporation a certain Note in the amount of $187,000.00.  *See* Exhibit B.

36. The Defendants, Lois M. Alhquist and Joel A. Nason, are in default for failure to properly tender the February 1, 2015, payment and all subsequent payments.  *See* Exhibit F.

37. The Plaintiff, Nationstar Mortgage LLC, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants.

38. The Defendants, Lois M. Ahlquist and Joel A. Nason, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

39. The Defendants, Lois M. Alhquist and Joel A. Nason's breach is knowing, willful, and continuing.

40. The Defendants, Lois M. Alhquist and Joel A. Nason's breach have caused the Plaintiff, Nationstar Mortgage LLC, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

41. The total debt owed under the Note and Mortgage as of October 12, 2016, if no payments are made, is one hundred ninety-six thousand, seven hundred seven dollars and twenty-six cents ($196,707.26), which includes unpaid principal in the amount of one hundred sixty-five thousand, three hundred twelve dollars and thirty-nine cents ($165,312.39), interest in the amount of twenty thousand, two hundred thirty-one dollars and sixty-one cents ($20,231.61), late fees in the amount of two hundred forty-five dollars and sixty-eight cents ($245.68), deferred late fees in the amount of one hundred twenty-two dollars and eighty-four cents ($122.84), lender paid expenses in the amount of two hundred forty dollars ($240.00), escrow advances in the amount of nine thousand, six hundred thirty-nine dollars and seventy-four cents ($9,639.74), and legal fees in the amount of nine hundred fifteen dollars ($915.00).

42. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

43. The Plaintiff, Nationstar Mortgage LLC repeats and re-alleges paragraphs 1 through 42 as if fully set forth herein.

44. By executing, under seal, and delivering the Note, the Defendants, Lois M. Alhquist and Joel A. Nason, entered into a written contract with Homeowners Assistance Corporation who agreed to loan the amount of $187,000.00 to the Defendants.  *See* Exhibit B.

45. As part of this contract and transaction, the Defendants, Lois M. Alhquist and Joel A. Nason, executed the Mortgage to secure the Note and the subject property.  *See* Exhibit C.

46. The Plaintiff, Nationstar Mortgage LLC, is the proper holder of the Note and successor-in-interest to Homeowners Assistance Corporation, and has performed its obligations under the Note and Mortgage.

47. The Defendants, Lois M. Alhquist and Joel A. Nason, have breached the terms of the Note and Mortgage by failing to properly tender the February 1, 2015, payment and all subsequent payments. *See* Exhibit F.

48. The Plaintiff, Nationstar Mortgage LLC, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Lois M. Ahlquist and Joel A. Nason.

49. The Defendants, Lois M. Alhquist and Joel A. Nason, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

50. The Defendants, Lois M. Alhquist and Joel A. Nason, are indebted to the Plaintiff, Nationstar Mortgage LLC, the sum of one hundred ninety-six thousand, seven hundred seven dollars and twenty-six cents ($196,707.26), for money lent by the Plaintiff to the Defendants, Lois M. Ahlquist and Joel A. Nason.

51. The Defendants Lois M. Alhquist and Joel A. Nason's breach is knowing, willful, and continuing.

52. The Defendants Lois M. Alhquist and Joel A. Nason's breach have caused the Plaintiff, Nationstar Mortgage LLC, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

53. The total debt owed under the Note and Mortgage as of October 12, 2016, if no payments are made, is one hundred ninety-six thousand, seven hundred seven dollars and twenty-six cents ($196,707.26), which includes unpaid principal in the amount of one hundred sixty-five thousand, three hundred twelve dollars and thirty-nine cents ($165,312.39), interest in

the amount of twenty thousand, two hundred thirty-one dollars and sixty-one cents ($20,231.61), late fees in the amount of two hundred forty-five dollars and sixty-eight cents ($245.68), deferred late fees in the amount of one hundred twenty-two dollars and eighty-four cents ($122.84), lender paid expenses in the amount of two hundred forty dollars ($240.00), escrow advances in the amount of nine thousand, six hundred thirty-nine dollars and seventy-four cents ($9,639.74), and legal fees in the amount of nine hundred fifteen dollars ($915.00).

54. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

55. The Plaintiff, Nationstar Mortgage LLC, repeats and re-alleges paragraphs 1 through 54 as if fully set forth herein.

56. Homeowners Assistance Corporation, predecessor-in-interest to Nationstar Mortgage LLC, loaned the Defendants, Lois M. Alhquist and Joel A. Nason, One Hundred Eighty Seven Thousand Dollars and zero cents ($187,000.00). *See* Exhibit B.

57. The Defendants, Lois M. Alhquist and Joel A. Nason are in default for failure to properly tender the February 1, 2015 payment and all subsequent payments. *See* Exhibit F.

58. As a result of the Defendants' failure to perform under the terms of the Note and Mortgage, the Defendants, Lois M. Ahlquist and Joel A. Nason, have been unjustly enriched at the expense of the Plaintiff, Nationstar Mortgage LLC.

59. As such, the Plaintiff, Nationstar Mortgage LLC, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

60. The Plaintiff, Nationstar Mortgage LLC, repeats and re-alleges paragraphs 1 through 59 as if fully set forth herein.

61. Homeowners Assistance Corporation, predecessor-in-interest to the Plaintiff, Nationstar Mortgage LLC, loaned the Defendants, Lois M. Alhquist and Joel A. Nason, One Hundred Eighty Seven Thousand Dollars and zero cents ($187,000.00).  *See* Exhibit B.

62. The Defendants, Lois M. Alhquist and Joel A. Nason, have failed to repay the loan obligation pursuant to the terms of the Note and Mortgage.

63. As a result, the Defendants, Lois M. Alhquist and Joel A. Nason, have been unjustly enriched to the detriment of the Plaintiff, Nationstar Mortgage LLC as successor-in-interest to Homeowners Assistance Corporation by having received the aforesaid benefits and money and not repaying said benefits and money.

64. As such, the Plaintiff, Nationstar Mortgage LLC, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Nationstar Mortgage LLC, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff upon the expiration of the period of redemption;

c) Find that the Defendants, Lois M. Ahlquist and Joel A. Nason, are in breach of the Note by failing to make payment due as of February 1, 2015, and all subsequent payments;

d) Find that the Defendants, Lois M. Ahlquist and Joel A. Nason, are in breach of the Mortgage by failing to make payment due as of February 1, 2015, and all subsequent payments;

e) Find that the Defendants, Lois M. Ahlquist and Joel A. Nason, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, Lois M. Ahlquist and Joel A. Nason, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due February 1, 2015 and all subsequent payments;

g) Find that Plaintiff, Nationstar Mortgage, LLC, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the Note and Mortgage, the Defendants, Lois M. Ahlquist and Joel A. Nason, have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Nationstar Mortgage LLC, to restitution;

j) Find that the Defendants, Lois M. Ahlquist and Joel A. Nason, are liable to the Plaintiff for money had and received;

k) Find that the Defendants, Lois M. Ahlquist and Joel A. Nason, are liable to the Plaintiff for quantum meruit;

l) Find that the Defendants, Lois M. Ahlquist and Joel A. Nason, have appreciated and retained the benefit of the Mortgage;

m) Find that it would be inequitable for the Defendants, Lois M. Ahlquist and Joel A. Nason, to continue to appreciate and retain the benefit of the Mortgage without recompensing the appropriate value;

n) Find that the Plaintiff, Nationstar Mortgage, LLC, is entitled to restitution for this benefit from the Defendants, Lois M. Ahlquist and Joel A. Nason;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Issue a money judgment against the Defendants, Lois M. Ahlquist and Joel A. Nason, and in favor of the Plaintiff, Nationstar Mortgage LLC, in the amount of one hundred ninety-six thousand, seven hundred seven dollars and twenty-six cents ($196,707.26), the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) Order the discharge of the Mortgage dated March 12, 1992, and recorded in the Androscoggin County Registry of Deeds in Book 2809, Page 337; and

r) For such other and further relief as this Honorable Court deems just and equitable.

                                             Respectfully Submitted,
Nationstar Mortgage LLC,
By its attorneys,

Dated: October 3, 2016

/s/ John A. Doonan
John Doonan, Esq. (BBO# 3250)
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670